IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| George W. Pope, ) | |
| ) | C/A No.: 4:04-23013-MBS-TER |
| Plaintiff, ) | |
| v. ) | |
| ) | **OPINION AND** |
| Jo Anne B. Barnhart, Commissioner of ) | **O R D E R** |
| Social Security, ) | |
| Defendant. ) | |

Plaintiff George Pope filed an application for social security insurance on February 8, 2001, and disability insurance benefits on November 5, 2001. Plaintiff alleges disability since January 31, 2001, due to arthritis, back, leg, and nerve problems that arose from a . His application was denied initially and on reconsideration, and he requested a hearing before an administrative law judge ("ALJ") on June 6, 2002. After a hearing held February 26, 2003, the ALJ issued a decision dated July 29, 2003, denying benefits. In support of this denial, the ALJ concluded that Plaintiff retained the residual functional capacity to perform a significant range of light work. On September 22, 2003, the Appeals Council remanded the case to the ALJ for further administrative proceedings. After a hearing held March 16, 2004, the ALJ issued a decision dated July 2, 2004, denying benefits. The decision of the ALJ became the "final decision" of the Commissioner on July 2, 2004, when the Appeals Council denied Plaintiff's request for review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation. On February 14, 2006, the Magistrate Judge filed a Report and Recommendation in which he

recommended that the Commissioner's decision to deny benefits be affirmed. Plaintiff filed objections to the Report and Recommendation on February 21, 2006.

The court is charged with making a *de novo* determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

The court's review of the record as a whole demonstrates that the ALJ's historical factual summary is accurate. Having carefully reviewed Plaintiff's medical and other records, the court concludes that the Commissioner's decision is supported by substantial evidence and that Plaintiff's objections are without merit.

Plaintiff claims that the Magistrate Judge erred by failing to examine whether the ALJ adequately considered the factors required by 20 C.F.R. § 404.1527. Plaintiff claims that "the ALJ committed reversible error by attempting to second guess the opinions of the treating physicians who were highly qualified specialists in their respective fields of medicine." Objections, p. 2. In particular, Plaintiff challenges the Magistrate Judge's findings that the ALJ adequately considered the opinions of the Plaintiff's treating physicians, Dr. Garry Gibbs and Dr. Rosanne Hooks. Generally, a treating physician's opinion should be given controlling weight if it supported by clinical evidence and does not contradict the other substantial evidence in the record. 20 C.F.R. § 404.1527. If the ALJ determines that a treating physician's opinion should not be given controlling weight, he should consider the weight to be afforded the opinion by considering the (1) length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the treating physician's opinion, (4) the consistency of the treating

physician's opinion, and (5) whether the physician giving the opinion is a specialist in the area about which he is opining. See 20 C.F.R. § 404.1527(d)(2)-(d)(5).

In a letter written on Plaintiff's behalf on May 9, 2002, Dr. Gibbs, who is board certified in the area of psychiatry,[1] indicated that he believed that Plaintiff was permanently and totally disabled. Record, p. 251. Dr. Gibbs based his opinion on Plaintiff's "problems with major depression, hearing voices and post traumatic stress disorder." Id. Dr. Gibbs also based his opinion on Plaintiff's statement that he "had an MRI reporting multiple herniated discs." Id. Additionally, Dr. Gibbs stated that Plaintiff reported being unable to sit or stand longer than 10 or 15 minutes. Based on a review of Dr. Gibb's notes, it does not appear that Dr. Gibbs ever examined Plaintiff's MRI. See Record, pp. 251-264. In addition, there is no evidence that Dr. Gibbs, conducted an examination to assess Plaintiff's residual capacity to work in light of his injury to his back. In short, Dr. Gibbs offered an opinion on Plaintiff's physical health that is based solely on Plaintiff's subjective reports.

Dr. Hooks, who has been Plaintiff's family physician since 1992, completed a Form SSA-1181 ("Medical Assessment to Do Work-Related Activities (Physical)") on Plaintiff's behalf. Record, pp. 317-319. In her report, Dr. Hooks lists numerous physical impairments that preclude Plaintiff from engaging in work-related activities. For example, Dr. Hooks noted that Plaintiff experiences increased joint and back pain when the humidity increases. Id. at 318. To support her assessment, Dr. Hooks does not give a medical finding but simply repeats her observation that "higher humidity yields higher joint/back pain." Id. Upon review of Dr. Hooks' report, it appears that her medical findings are recapitulations of Plaintiff's subjective complaints rather than clinical observations.

---

[1]     In his objections, Plaintiff claims that Dr. Gibbs is a highly qualified specialist in psychiatry and neurology. Objections, p. 2. The record reflects that Dr. Gibbs is certified only in psychiatry. Record, p. 251.

The ALJ reviewed Plaintiff's medical records and opinions at expressed skepticism regarding the medical conclusions reached by Dr. Gibbs and Dr. Hooks to the extent that the opinions appeared to depart substantially from the rest of the evidence of record.[2] Id. at 22. The ALJ rejected the opinions of Dr. Gibbs and Dr. Hooks and concluded that Plaintiff does maintain the residual capacity to work.

Upon review of the ALJ's decision, the court finds that the ALJ adequately considered the factors in Section 404.1527 when he rejected the medical opinions of Dr. Gibbs and Dr. Hooks. It is true that the more consistent a treating physician's opinion is with the other evidence of record, the more weight that opinion should be given. See Miller v. Callahan, 964 F.Supp. 939, 950 (D.Md. 1997). Nevertheless, it was not improper for the ALJ to reject the opinions of Dr. Gibbs and Dr. Hooks to the extent that their opinions were based primarily on the subjective complaints of Plaintiff without medical findings to support their opinions. Plaintiff's objection is without merit.

The court has reviewed the record thoroughly. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the case is dismissed.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

March 27, 2006
Columbia, South Carolina

---

[2] In relevant part, the ALJ noted that "[t]he possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality, which should be mentioned, is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence or record, as in the current case."